UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In the Matter of Arbitration Between:       )
                                            )
GLISPA GMBH                                 )
                        Petitioner          )
                                            )
            v.                              )       Civil Action No.
CUPCAKE DIGITAL, INC.                       )
                        Respondent          )

## PETITION TO CONFIRM A FOREIGN ARBITRAL AWARD ON CONSENT AND FINAL AWARD ON COSTS

Plaintiff glispa GmbH ("Glispa"), through its counsel, respectfully alleges, as and for its

Petition against Defendant Cupcake Digital, Inc. ("Defendant" or "Cupcake"), as follows:

### INTRODUCTION

1.      This is an action for recognition and enforcement of a Foreign Arbitral Award on

Consent and Final Award on Costs pursuant to the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.A. 6997, 330 U.N.T.S. 3

available at 1970 WL 104417, (the "New York Convention"), as implemented in Chapter 2 of

the Federal Arbitration Act, codified at 9 U.S.C. § 201 *et seq*. The two arbitral awards

("Awards") were rendered in favor of Glispa against Cupcake.

2.      The New York Convention, at Article 3, obligates each contracting state to

"recognize [foreign] arbitral awards as binding and enforce them in accordance with local

procedural law. The United States recognizes and enforces "only those awards made in the

territory of another Contracting State." 21 U.S.T. at 2566. The Awards rendered in favor of

Glispa were made in Germany, which is a party to the New York Convention, and thus the

Awards are eligible for enforcement here. Glispa seeks confirmation and enforcement of the

Awards.

## THE PARTIES

3.      Petitioner glispa GmbH is a company established under German law, having its registered office at Sonnenburger Str. 73, 10437 Berlin, Germany.

4.      Respondent Cupcake Digital, Inc. is a Delaware corporation with its principal place of business at 30 Irving Place, 10th Floor, New York, NY 10003.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

6.      The federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203[1] because this is an action to confirm arbitration awards issued under the New York Convention.

7.      This Court has personal jurisdiction over Cupcake because Cupcake has its principal place of business in New York and has appointed an agent for service of process in New York. *See* Declaration Of Thorsten Schmidt, Esq. In Support Of Petition To Confirm Foreign Arbitral Award, dated September 15, 2016 (Schmidt Decl.), Exh. 1.  This Court also has specific personal jurisdiction over Cupcake because it "transacts any business within the state or contracts anywhere to supply goods or services in the state."  CPLR § 302(a)(i).

8.      Venue is proper in this Court pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1) which provides for venue in a judicial district in which any defendant resides.

---

[1] "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203

### FACTUAL ALLEGATIONS

**A.    Nature And Circumstances Of The Dispute**

9.     Glispa commenced the ICC Arbitration before the ICC under Article 4 of the Rules of Arbitration of the International Chamber of Commerce in force as of 1 January 2012 (the "ICC Rules") by filing the Request with the ICC Secretariat on October 10, 2015. *Id.*, Exh 2. Glispa's Request as amended asked that the Arbitral Tribunal, *inter alia:*

   i.    ORDER Cupcake to pay to Glispa $158,506.20 plus interest at nine (9)
         percentage points above the respective base rate of interest as per § 247(1) of the
         German Civil Code per year:

         a. on $42,614.10 since 01 March 2015;

         b. on $42,795.00 since 01 April 2015;

         c. on $42,762.60 since 01 May 2015;

         d. on $30,334.50 since 01 June 2015;

         and until full and final payment; and

   ii.   ORDER Cupcake to bear the costs of the arbitral proceedings.

*Id.* at 3; Exh. 3 at 7.

10.     On January 21, 2016, the ICC Secretariat notified the Parties that the ICC Court had decided pursuant to Article 12(2) of the ICC Rules to submit the arbitration to one arbitrator and had decided to take the necessary steps for the appointment of the Sole Arbitrator pursuant to Article 13(3) of the ICC Rules. *Id.,* Exh. 4.

11.     On February 4, 2016, the ICC Court appointed Dr. Christopher Boog as Sole Arbitrator and submitted the file to the Sole Arbitrator pursuant to Article 16 of the ICC Rules. *Id.*, Exh. 5.

**B.    Motion For Attachment and Settlement**

12.     On March 23, 2016, Glispa filed by an Order To Show Cause a Motion for An

Order of Attachment in Aid of Arbitration Pursuant to CPLR 7502(c) before the Hon. Naomi Reice Buchwald (*glispa GmbH v. Cupcake Digital, Inc.*, Civ. Action No. 16 CV 2154).

13.     After the issue was fully briefed, the Court held a hearing on April 18, 2016.  The Court told the parties that it would delay a decision until April 21, 2016 and requested that the parties try to reach a settlement prior to the Court's decision.

14.     On April 20, 2016 the parties reached a settlement whereby Cupcake filed an application for an Award By Consent with the Sole Arbitrator in the ICC arbitration for the amount of $158,506.20 plus simple interest at 9 (nine) percentage points above the respective base rate of interest as per § 247(1) of the German civil code per year.  Schmidt Decl., Exh. 6.

15.     In return, Glispa executed Claimant's Fourth Procedural Undertaking ("Undertaking") whereby Glispa agreed to (1) "withdraw without prejudice the attachment petition filed before the U.S. District Court for the Southern District of New York" and (2) refrain from requesting any judicial and/or other coercive measures for the enforcement of the award by consent to be rendered, for as long as Respondent fully complies with the Payment Plan set forth in the Undertaking.  *Id.*, Exh. 7 at 1-2.

16.     On April 21, 2016 the parties executed a Voluntary Stipulation Of Dismissal Pursuant to F.R.C.P. 31(a)(1)(A)(ii). *Id.*, Exh. 8.

17.     Under the Payment Plan under the Undertaking Cupcake had to make a first payment of $25,000 by May 15, 2016 and 12 monthly payments of $10,417.00 starting on June 25, 2016.  *Id.*, Exh. 7 at 2.

18.     Pursuant to the Undertaking "if the PAYMENT PLAN is not complied with, CLAIMANT [Glispa] is free to collect all of its claims against RESPONDENT, including those portions that would have been waived had the PAYMENT PLAN been complied with."  *Id.*

Further, the Undertaking stated that "[f]or the avoidance of doubt, the PAYMENT PLAN is not complied with if any single installment is paid too late or and/or only partially." *Id.*

19.     Cupcake paid the $25,000 initial payment owed under the Payment Plan but failed to pay the first monthly installment of $10,417.00 due by June 25, 2016. Schmidt Decl., ¶ 15. On June 30, 2016 European counsel for Glispa sent an email to counsel for Cupcake detailing the payment failure and requesting whether Cupcake had the "intention to abide by the payment plan." Schmidt Decl., Exh. 9. No response was received by Cupcake or its counsel.

**C.     Arbitration Award**

20.     Pursuant to the Award By Consent executed by the parties, the Sole Arbitrator in the ICC Arbitration issued the final Award By Consent on July 29, 2016. A certified copy of the Award by Consent is attached to the Schmidt Declaration as Exhibit 10. On the same date, the Sole Arbitrator also issued a Final Award on Costs. A certified copy of the Final Award of Costs is attached as Exhibit 11.

21.     In the Award By Consent, the ICC arbitral tribunal ordered Cupcake to pay to Glispa the following amounts:

      a.      $158,506.20 as the amount owed to Glispa under the contract;

      b.      Interest calculated at 9 (nine) percentage points above the respective base rate of interest as per § 247(1) of the German civil code per year in each case until full and final payment:

          iii.      On $42,614.10 since March 1, 2015

          iv.      On $42,795.00 since April 1, 2015

          v.      On $42,762.60 since May 1, 2015

          vi.      On $30,334.50 since June 1, 2015. (See Exhibit 10, p.12)

22.     In the Final Award on Costs, the ICC arbitral tribunal ordered Cupcake to pay to

5

Glispa the following amounts:

    c.    $25,000.00 for the ICC administrative expenses and the fees and expenses of the Sole Arbitrator;

    d.    EUR 35,100.00 plus $20,028.62 as attorney fees; and

    e.    Simple interest at 5 percentage points above the base rate of the German Federal Reserve Bank per year from May 20, 2016 until full and final payment on the amounts as per lit c and d. above.

23.    Glispa calculated the total amount to be USD 248,130.20 and USD 42.25 daily going forward until full payment is rendered as follows:

1.    **$158,506.20** as the amount owed to Glispa under the contract minus $25,000 paid on May 15, 2016 (which is deducted fully from the first calculated interest payment period in the amount of $14,821.65 and partially from the second calculated interest payment period in the amount of $10,178.35 as calculated below).

2.    Interest calculated at 9 (nine) percentage points above the respective base rate of interest as per Section 247(1) of the German Civil Code per year in each case until full and final payment on the following invoiced amounts as follows:

    a.    Interest amounts 1 March 2015-15 May 2016: Interest rate 9%-0.83%=8.17%
   i.   Interest amount on $42,614.10 starting 1 March 2015: $4,420.50
   ii.  Interest amount on $42,795.00 starting 1 April 2015: $4,118.50
   iii. Interest amount on $42,762.60 starting 1 May 2015: $3,804.32
   iv. Interest amount on $30,334.50 starting 1 June 2015: $2,478.33
   Total interest for this period: $14,821.65

    b.    Interest amounts 16 May 2016-30 June 2016: Interest rate 9%-0.83%=8.17%
   i.   Interest amount on $42,614.10-$10,178.35=$32,435.75= $326.71
   ii.  Interest amount on $42,795.00 =$431.06
   iii. Interest amount on $42,762.60 = $430.73
   iv. Interest amount on $30,334.50 = $305.55
   Total interest for this period: $1,494.05

    c. Interest amounts 1 July 2016-15 September 2016: Interest rate 9%-0.88%=8.12%

        i. Interest amount on $32,762.46=$663.26

        ii. Interest amount on $43,226.06= $875.08

        iii. Interest amount on $43,193.33 = $874.42

        iv. Interest amount on $30,640.05= $620.29

           Total interest amount for this period: $3,033.05

    d. Total interest amounts up to September 15, 2016: $1,494.05 + $3,033.05= **$4,527.10 and $33.24 daily** going forward until full payment is rendered.

3. Costs: USD 25,000.00 ICC expenses, USD 38,899.60 (EUR 35,100.00 at today's interbank average bid rate of 1.10825) and USD 20,028.62 attorneys' fees plus interest rates thereof as follows:

    a. Interest amounts 20 May – 30 June 2016: Interest rate 5% - 0.83% = 4.17%

        i. Interest amount on EUR 25,000.00 = EUR 119.63= USD 132.58*

        ii. Interest amount on EUR 35,100.00 = EUR 167.96= USD 186.14*

        iii. Interest amount on USD 20,028.62 = USD 95.84

           Total interest amount for this period: USD 414.56

    b. Interest amounts 1 July – 15 September 2016: Interest rate 5% - 0.88% = 4.12%

        i. Interest amount on EUR 25,000.00 = EUR 216.69 = USD 243.35*

        ii. Interest amount on EUR 35,100.00 = EUR 304.24 = USD 337.17*

        iii. Interest amount on USD 20,028.62 = USD 173.60

           Total interest amount for this period: USD 754.12

    c. Total interest amounts combined: **USD 1,168.68 and USD 9.01 daily** from this day on until full payment is rendered,

24. On August 31, 2016, a certified copy of the Award was served on Cupcake's Corporate Agent in Delaware by the International Chamber of Commerce via Federal Express. A true and correct copy of the FedEx tracking report no. 777096887938. This service was made following a previously unsuccessful attempt to serve Cupcake at its corporate address at 30 Irving Place, 10th Floor in New York, NY 10003 as evidenced by the FedEx tracking report no. 777010981823.. See Schmidt Decl., ¶ 19 and Exh. 12 and 13.

25. Article 34(c) of the ICC Rules states that "[e]very award shall be binding on the

parties. By submitting the dispute to arbitration under the Rules, the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made."

26.    Article III of the New York Convention provides that "[e]ach Contracting State shall recognize arbitral awards as binding..."

27.    The Awards are binding and enforceable.

28.    Pursuant to the New York Convention, CPLR 5001[a], and the terms of the Award, Glispa is entitled to prejudgment interest, calculated at the statutory rate of 9% per year on the Award amount.

**WHEREFORE**, Petitioner Glispa respectfully requests that this Court, pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201 *et seq.*, enter an Order:

1.    Confirming the aforementioned Awards and granting judgment in favor of Glispa and against Cupcake in the total amount of USD 248,130.20 and USD 42.25 daily going forward until full payment is rendered based upon the language of the two awards as follows and as calculated above by Glispa:

    a.    $158,506.20 as the amount owed to Glispa under the contract adjusted only by the amount of $25,000 already paid on May 15, 2016 by Cupcake to Glispa;

    b.    Interest calculated at 9 (nine) percentage points above the respective base rate of interest as per § 247(1) of the German civil code per year in each case until full and final payment:

    vii.        On $42,614.10 since March 1, 2015

    viii.       On $42,795.00 since April 1, 2015

    ix.        On $42,762.60 since May 1, 2015

    x.        On $30,334.50 since June 1, 2015.

c.      $25,000.00 for the ICC administrative expenses and the fees and expenses of the Sole Arbitrator;

d.      EUR 35,100.00 plus $20,028.62 as attorney fees; and

e.      Simple interest at 5 percentage points above the base rate of the German Federal Reserve Bank per year from May 20, 2016 until full and final payment on the amounts as per lit c and d. above.

2.      Awarding Glispa pre-judgment interest at the statutory rate from the date of the Award to the date of entry of judgment.

3.      Awarding Glispa post-judgment interest at the statutory rate from the date of entry of judgment to the date the judgment is satisfied in full.

4.      Awarding Glispa its costs and attorneys' fees in this proceeding.

5.      Awarding Glispa such other relief as the Court considers just and proper, including, as appropriate, the posting of security.

Date:  September 15, 2016

Respectfully submitted,

GLISPA GmbH

By: _____
    Thorsten Schmidt (Bar Code 3997350)
SCHMIDT LLC
708 Third Avenue, 6th Floor
New York, New York 10017

*Attorneys for Petitioner Glispa GmbH*