# Exhibit 10

# ICC INTERNATIONAL COURT OF ARBITRATION

### CASE No. 21395/FS

GLISPA GMBH

(Germany)

vs/

CUPCAKE DIGITAL, INC.

(United States)

This document is a certified true copy of the original of the Award by Consent rendered in conformity with the Rules of Arbitration of the ICC International Court of Arbitration.

ICC Case No. 21395/FS                                      29 July 2016

**GLISPA GMBH**
**(Germany)**

the Claimant

v.

**CUPCAKE DIGITAL, INC.**
**(United States)**

the Respondent

(together with the Claimant the "**Parties**")

# Award by Consent

CERTIFIED TRUE COPY OF THE ORIGINAL
PARIS, 10/8/16

José Ricardo FERIS
Deputy Secretary General
ICC International Court of Arbitration

# TABLE OF CONTENTS

**PART ONE: PROCEDURE** ......................................................................................... 3

I.     Introduction ......................................................................................................... 3

II.    **The Parties** ........................................................................................................ 3

A.   The Claimant ....................................................................................................... 3

B.   The Respondent .................................................................................................. 4

III.   **The Arbitral Tribunal** ........................................................................................ 5

IV.    **The Arbitration Agreement** ............................................................................. 5

V.     **Place of the Arbitration** ................................................................................... 5

VI.    **Language of the Arbitration** ........................................................................... 5

VII.   **The Applicable Law** ......................................................................................... 6

A.   The Law and Procedural Rules Governing the Arbitration ................................. 6

B.   Applicable Substantive Law ................................................................................ 6

VIII.  **Procedural History** ........................................................................................... 6

IX.    **Prayers for Relief** ............................................................................................ 10

A.   The Parties' Initial Prayers for Relief ................................................................. 10

B.   The Parties' Joint Request for an Award by Consent ....................................... 10

**PART TWO: REASONING** ........................................................................................ 11

**PART THREE: COSTS AND EXPENSES** ................................................................ 11

**PART FOUR: AWARD** ............................................................................................. 12

# PART ONE: PROCEDURE

## I.  INTRODUCTION

1. The present arbitration was commenced by Glispa GmbH ("**Glispa**") by filing a Request for Arbitration with the Secretariat of the International Court of Arbitration of the International Chamber of Commerce against Cupcake Digital, Inc. ("**Cupcake**") dated 10 October 2015.

2. By correspondence of 21 and 22 April 2016, respectively, the Parties informed me that they had settled their disputes on the merits, both requesting me to render an award by consent pursuant to Article 32 of the ICC Rules of Arbitration (the "**ICC Rules**").

3. Moreover, the Claimant has requested an award on costs, issue regarding which the Parties have not been able to find a settlement.

4. Consequently, I shall render two separate awards, namely an award by consent concerning the settlement of the merits of the dispute and a final award on costs of the arbitration (the "**Final Award on Costs**").

5. The present award reflects the Parties' settlement on the merits.

## II.  THE PARTIES

### A.  The Claimant

6. The Claimant **Glispa GmbH** is a company established under German law, having its registered office at:

   Glispa GmbH
   Sonnenburger Str. 73
   10437 Berlin
   Germany

7. The Claimant is represented in this arbitration by:

   **Axel Benjamin Herzberg, LL.M.**
   HERZBERG LEGAL
   Haus Cumberland
   Kurfürstendamm 194
   10707 Berlin
   Germany

   Tel:     +49 30 700 15 96 83
   Fax:     +49 30 700 15 96 84
   E-mail:  axel.benjamin.herzberg@herzberg-legal.eu

### B. The Respondent

8. **Cupcake Digital, Inc.** is a company established under the laws of the United States of America, having its registered office at:

   Cupcake Digital, Inc.
   30 Irving Place, 10th Floor
   New York, NY 10003
   United States of America

   Tel:      +1 415 762 99 88
   Tel:      +1 646 568 77 88
   Fax:      +1 646 964 65 72
   Email:    brad.powers@cupcakedigital.com

9. For the majority of this arbitration, the Respondent was not represented by legal counsel. In view of the request for an award by consent only, the Respondent was represented by[1]:

   **Mendy Piekarski, Esq.**
   SICHENZIA ROSS FRIEDMAN FERENCE LLP
   61 Broadway, 32nd Floor
   New York, NY 10006
   U.S.A

   Tel:      +1 212 930 9700
   Fax:      +1 212 930 9725
   E-mail:   mpiekarski@srff.com

10. Correspondence with the Respondent and its legal counsel (where applicable) was made by means of email and courier, except for the time when the Respondent was participating, when minor communication was made by email only in accordance with section 4.1 of the Procedural Rules. Both the Respondent and its legal counsel (where applicable) used the above indicated email addresses for communication. Whilst delivery of the correspondence sent by courier to Mr Piekarski's offices could always be confirmed, delivery to the Respondent could only be effectuated and confirmed until April 2016. The courier correspondences to the Respondent in May and June 2016 could no longer be delivered, which was communicated to the Claimant by letter dated 13 June 2016.

---

[1] *See* the Respondent's request for an award by consent dated 21 April 2016.

## III. THE ARBITRAL TRIBUNAL

11. On 4 February 2016, the ICC International Court of Arbitration (the "**ICC Court**") appointed, pursuant to Article 13 of the ICC Rules, as Sole Arbitrator:

    **Dr Christopher Boog**
    Schellenberg Wittmer Ltd
    Löwenstrasse 19
    P.O. Box 2201
    8021 Zurich
    Switzerland

    Tel:     +41 (0)44 215 93 84
    Fax:    +41 (0)44 215 52 00
    Email:  christopher.boog@swlegal.ch

## IV. THE ARBITRATION AGREEMENT

12. The Claimant derives my jurisdiction from the arbitration agreement contained in section 12 of the Terms and Conditions of the Insertion Order No. IO_GlispaGmbHCupcake_ iStoryTime_TB0914- (the "**Contract**"), which reads as follows:

    "*Governing Law.*

    *All disputes arising out of or in connection with the present contract or its validity shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce (ICC) by one or more arbitrators appointed in accordance with the said Rules and without recourse to the ordinary courts of law. The place of the arbitration is Berlin, Germany. The language of the arbitration is English. The applicable substantive law is German law.*"

13. The Respondent has not raised any objection against my jurisdiction.

14. Therefore, and given that the Parties have jointly requested that I render an award by consent in this arbitration, I am satisfied that a finding on jurisdiction is not required in this case.

## V. PLACE OF THE ARBITRATION

15. The place of arbitration pursuant to Article 18 of the ICC Rules is Berlin, Germany.[2]

## VI. LANGUAGE OF THE ARBITRATION

16. The language of the arbitration is English.[3]

---

[2] See section 12 of the Contract.
[3] See section 12 of the Contract.

## VII. THE APPLICABLE LAW

### A. The Law and Procedural Rules Governing the Arbitration

17. The place of arbitration being Berlin, Germany, the present arbitration is governed by the German Arbitration Act as set forth in the 10th book of the German Code of Civil Procedure.[4]

18. As reflected in section 14 of the Terms of Reference, the arbitral proceedings are governed by the following procedural rules: (a) the applicable mandatory provisions of the German Code of Civil Procedure; (b) the ICC Rules; (c) the Terms of Reference; (d) the "Procedural Rules" issued on 29 March 2016; (e) any additional procedural rules which the Parties may agree or which, failing such agreement, I may order.

### B. Applicable Substantive Law

19. Pursuant to section 12 of the Contract, the applicable substantive law is German Law.

## VIII. PROCEDURAL HISTORY

20. On 10 October 2015, the Claimant filed a Request for Arbitration in terms of Article 4 of the ICC Rules with the Secretariat of the ICC International Court of Arbitration (the "**ICC Secretariat**").

21. On 28 October 2015, the ICC Secretariat notified the Request for Arbitration to the Respondent.

22. On 15 December 2015, the ICC Secretariat notified the Parties that the 30-day time limit for the Respondent to submit the Answer pursuant to Article 5(1) ICC Rules had expired on 30 November 2015 without such Answer having been filed. Pursuant to Article 6(3) and 6(8) of the ICC Rules, the ICC Secretariat informed the Parties that the arbitral proceedings would proceed notwithstanding. It further informed that the arbitral tribunal will decide any question of jurisdiction or of whether the claims may be determined together pursuant to Article 6(3) of the ICC Rules unless the Secretary General referred the matter to the ICC Court for its decision.

23. On 21 January 2016, the ICC Secretariat notified the Parties that the ICC Court had decided pursuant to Article 12(2) of the ICC Rules to submit the arbitration to one arbitrator and had decided to take the necessary steps for the appointment of the Sole Arbitrator pursuant to Article 13(3) of the ICC Rules.

24. On 4 February 2016, the ICC Court appointed me as Sole Arbitrator and submitted the file to me pursuant to Article 16 of the ICC Rules.

25. On 11 February 2016, I invited the Parties to indicate by 19 February 2016 whether they agreed that the Case Management Conference may be conducted by means of a telephone conference, as well as to state their availabilities regarding the proposed dates for the Case Management Conference.

---

[4] § 1025(1) of the German Code of Civil Procedure reads: "*The provisions of this Book apply if the place of arbitration as referred to in § 1043(1) is situated in Germany.*"

26. On 16 February 2016, Mr Brad Powers, Chairman and CEO of the Respondent, sent an email to confirm his availability for the Case Management Conference on any of the proposed dates after 7 March 2016.

27. On 17 February 2016, the Claimant confirmed its availability to hold the Case Management Conference on 9 March 2016.

28. On 18 February 2016, I proposed that the Case Management Conference be held on 9 March 2016 starting 8 a.m. New York/2 p.m. Berlin/9 p.m. Hong Kong time.

29. On 18 February 2016, the Respondent confirmed its availability at the proposed date and time.

30. The Claimant did the same by email of 24 February 2016.

31. The Case Management Conference was held on 9 March 2016. The Respondent did not participate. After the Case Management Conference, the Respondent's representative wrote to inform me that he was feeling unwell, requesting that the Case Management Conference be re-scheduled.

32. Following the Case Management Conference, I wrote to the Parties on 14 March 2016, attaching summary minutes of the Case Management Conference for the Parties' review and comments, particularly drawing the Respondent's attention to the proposed time schedule for the arbitration as reflected in the draft minutes. I also enclosed draft procedural rules and revised draft Terms of Reference. The Parties were invited to review all documents and to submit any comments, including any final revisions to the draft Terms of Reference, by no later than 21 March 2016. The Respondent was expressly invited again to provide its position and prayers for relief for inclusion in the Terms of Reference. Finally, I proposed alternative dates for a further Case Management Conference in case, after having reviewed the documents sent on 14 March 2016, including in particular the minutes of the Case Management Conference held on 9 March 2016, the Respondent insisted on such a further Case Management Conference. The Respondent was invited to indicate by no later than 16 March 2016 whether it upheld its request to hold a further Case Management Conference.

33. The Respondent neither indicated by 16 March 2016 that it requested a further Case Management Conference to be held, nor did it comment on the minutes of the Case Management Conference of 9 March 2016, the draft Terms of Reference or the draft procedural rules.

34. On 18 March 2016, the Claimant requested that I order the Respondent to pay its share of the advance on costs fixed by the ICC Court at USD 16'500 by way of an "interim order."

35. On 21 March 2016, I invited the Respondent to proceed to the payment of its share of the advance on costs and granted the Respondent until 31 March 2016 to reply to the Claimant's request for an interim order. Further, the Claimant provided its final comments to the draft Terms of Reference, as well as some minor comments on the draft procedural rules.

36. On 22 March 2016, I submitted the Terms of Reference to the ICC Secretariat in view of possible approval of the Terms of Reference by the ICC Court.

37. On 24 March 2016, the ICC Secretariat provided its comments on the Terms of Reference.

38. On 29 March 2016, I submitted the Terms of Reference to the Parties for signing and issued the Procedural Rules.

39. On 30 March 2016, the ICC Court notified me of the Claimant's petition, filed on 23 March 2016, for an order of attachment in aid of arbitration under the New York Civil Practice Law and Rules.

40. On 1 April 2016, I issued Procedural Order No. 1, whereby I ordered the Respondent again to pay its share of the advance on costs of USD 16'500 by 8 April 2016.

41. Also on 1 April 2016, the ICC Secretariat informed me of the correspondence by the Claimant relating to the Claimant's petition in front of the U.S. District Court for the Southern District of New York.

42. On 4 April 2016, the Claimant submitted an electronic copy of the signed Terms of Reference by e-mail. The Claimant further requested me to confirm the deadline of 22 April 2016 for the Parties to file their written memorials, which had tentatively been set during the Case Management Conference.

43. On the same date, the Respondent informed by e-mail that it had retained counsel in the name of Mr Mendy Piekarski, Esq.

44. On 5 April 2016, I wrote to Mr Piekarski, requesting him to confirm that he indeed represented the Respondent in these proceedings, to confirm that he is in possession of the case file, to return the signed Terms of Reference, to provide comments on the Minutes of the Case Management Conference and to urge the Respondent to comply with Procedural Order No. 1.

45. In light of the circumstances, I did not confirm 22 April 2016 as the deadline for the simultaneous submission of the statement of claim and defense at the time. The Respondent's counsel did not respond to my queries, nor did the Respondent pay its share of the advance on costs.

46. On 11 April 2016, the ICC Secretariat issued a payment request for the Claimant to pay the Respondent's share of the advance on costs of USD 16'500 by 26 April 2016.

47. On the same date, I issued Procedural Order No. 2, by which I issued the Procedural Timetable.

48. On 13 April 2016, I received the four originals of the Terms of Reference signed by the Claimant.

49. On 21 April 2016, the Respondent submitted a request for an award by consent dated 20 April 2016.

50. On 22 April 2016, the Claimant submitted a request for an award by consent in identical terms as that requested by the Respondent the day before, and requested for the second Case Management Conference, scheduled on 3 May 2016, as well as the hearing of 3-4 June 2016 to be canceled. The Claimant further requested the closing of the proceedings with respect to the matters to be decided in the award by consent. Finally, the Claimant requested for the Parties to be granted until 20 May 2016 to file submissions regarding the costs of the arbitration.

51. On 25 April 2016, I wrote to the Parties to cancel the second Case Management Conference as well as the hearing.

52. On 28 April 2016, in light of the joint request for an award by consent, I invited the Parties to waive the Terms of Reference by 4 May 2016. I further invited the Respondent to comment on the Claimant's request for a deadline until 20 May 2016 to file submissions regarding the cost of the arbitration. Finally, I encouraged the Parties to find an agreement on costs by 4 May 2016 and indicated that, should such an agreement not be reached, I would have to render a final award on costs in addition to the award by consent on the merits.

53. On 3 May 2016, the ICC Secretariat acknowledged receipt of the Respondent's share of the advance on costs in the amount of USD 16'500 from the Claimant in substitution.

54. On 4 May 2016, the Claimant waived the Terms of Reference. The Respondent did not waive the Terms of Reference.

55. On 11 May 2016, the Claimant reiterated its request for me to close the proceedings with regard to the issues to be settled in the award by consent and to grant the Parties until 20 May 2016 to submit their submissions on costs.

56. On 12 May 2016, I noted that the Respondent had not waived the Terms of Reference and that it had not commented on the Claimant's request regarding submissions on costs. I granted the Parties until 20 May 2016 for their respective submissions on costs of the arbitration. Further, I declared the proceedings closed pursuant to Article 27 of the ICC Rules with regard to the issues dealt with in the Award by Consent.

57. On 17 May 2016, I submitted the Terms of Reference to the ICC Court for approval in terms of Article 23(3) of the ICC Rules.

58. On 20 May 2016, the ICC Secretariat advised that the ICC Court had extended the time limit for establishing the Terms of Reference pursuant to Article 23(2) of the ICC Rules to 31 July 2016 and that the Terms of Reference would be submitted to the ICC Court for approval.

59. On the same day, the Claimant submitted its submission on costs.

60. On 9 June 2016, the ICC Court approved the Terms of Reference and invited the Respondent to sign the Terms of Reference within 15 days from the day following the receipt of its correspondence. The ICC Secretariat further informed the Parties that the time limit for rendering the final award shall be 6 months from 9 June 2016.

61. I submitted this award by consent to the ICC Court for scrutiny pursuant to Article 33 of the ICC Rules on 27 June 2016. It was approved by the ICC Court on 21 July 2016, subject to my consideration of the points raised by the Court.

## IX. PRAYERS FOR RELIEF

### A. The Parties' Initial Prayers for Relief

62. The Claimant's prayers for relief, as reflected in section 7.1 of the Terms of Reference, read as follows:

    (1) *"DECIDE that it has jurisdiction to decide on the merits of the dispute;*

    (2) *Order the Respondent to pay the Claimant USD 158,506.20 plus interest at 9 percentage points above the respective base rate of interest as per § 247(1) of the German Civil Code per year*

        a. *on USD 42,614.10 since 01 March 2015;*

        b. *on USD 42,795.00 since 01 April 2015;*

        c. *on USD 42,762.60 since 01 May 2015;*

        d. *on USD 30,334.50 since 01 June 2015;*

    *and until full and final payment.*

    (3) *Order the Respondent to bear the costs of the arbitral proceedings, i.e. the costs of the arbitration (in particular, without limitation, arbitrator fees and expenses, and ICC administrative expenses) as well as Claimant's legal and other costs (in particular, without limitation, attorney fees)."*

63. The Respondent did not initially submit any prayers for relief.

### B. The Parties' Joint Request for an Award by Consent

64. On 21 April 2016, the Respondent informed me of the Parties' settlement on the merits of the dispute,[5] requesting as follows:

    *"I hereby request on behalf of Respondent that the Sole Arbitrator issue the following*

    *AWARD BY CONSENT:*

    *RESPONDENT SHALL PAY TO CLAIMANT USD 158,506.20 PLUS SIMPLE INTEREST AT 9 (NINE) PERCENTAGE POINTS ABOVE THE RESPECTIVE BASE RATE OF INTEREST AS PER § 247(1) OF THE GERMAN CIVIL CODE PER YEAR (A) ON USD 42,614.10 SINCE 01 MARCH 2015; (B) ON USD 42,795.00 SINCE 01 APRIL 2015; (C) ON USD 42,762.60 SINCE 01 MAY 2015; (D) ON USD 30,334.50 SINCE 01 JUNE 2015, IN EACH CASE UNTIL FULL AND FINAL PAYMENT."*

---

[5] See above ¶49.

65. Following the Respondent's request, the Claimant sought the following relief on 22 April 2016:

   "*Award by Consent*

   *With reference to Respondent's application dated 20 April 2016 for an Award by Consent, Claimant hereby requests that the Arbitral Tribunal render such Award by Consent as per the prayer for relief indicated in Respondent's aforementioned application, i.e. that the Arbitral Tribunal render the following*

   *AWARD BY CONSENT:*

   *RESPONDENT SHALL PAY TO CLAIMANT USD 158,506.20 PLUS SIMPLE INTEREST AT 9 (NINE) PERCENTAGE POINTS ABOVE THE RESPECTIVE BASE RATE OF INTEREST AS PER § 247(1) OF THE GERMAN CIVIL CODE PER YEAR (A) ON USD 42,614.10 SINCE 01 MARCH 2015; (B) ON USD 42,795.00 SINCE 01 APRIL 2015; (C) ON USD 42,762.60 SINCE 01 MAY 2015; (D) ON USD 30,334.50 SINCE 01 JUNE 2015, IN EACH CASE UNTIL FULL AND FINAL PAYMENT.*"

66. The Parties' requests regarding the costs of this arbitration will be addressed in the separate Final Award on Costs.[6]

## PART TWO: REASONING

67. On 21 and 22 April 2016, respectively, the Parties requested me to issue an award by consent in identical terms.[7] I agreed to this request pursuant to Article 32 ICC Rules.

68. I therefore render the present award by consent, having read and approved the Parties' respective identical submissions on the point in question.

## PART THREE: COSTS AND EXPENSES

69. The Parties' request for an award by consent did not cover the issue of costs of this arbitration.

70. The costs of this arbitration shall therefore be the subject of an additional award on costs. Having consulted with the ICC Secretariat on the issue, I shall render the award on costs in the form of a separate, final award.

\* \* \* \* \*

---

[6] See below ¶70.
[7] See above ¶¶49 and 50.

## PART FOUR: AWARD

71. Based on the foregoing, I hereby render the following

### Award by Consent

(1) The Sole Arbitrator takes note of the Parties' settlement on the merits of this arbitration. Accordingly:

(2) Respondent is ordered to pay the total amount of USD 158'506.20

(3) On this amount, the Respondent is ordered to pay simple interest at 9 (nine) percentage points above the base rate of interest as per § 247(1) of the German Civil Code per year in each case until full and final payment:

   (a) On USD 42'614.10 since 1 March 2015;
   (b) On USD 42'795.00 since 1 April 2015;
   (c) On USD 42'762.60 since 1 May 2015;
   (d) On USD 30'334.50 since 1 June 2015.

(4) The Sole Arbitrator orders the Respondent to perform its obligations under the settlement agreement as reflected in sections (2) and (3) hereinabove and concludes that all claims made in the context of the present arbitration proceedings have been settled, save for costs.

(5) The decision regarding costs of this arbitration is reserved and will be rendered in a separate final award on costs.

Seat of the Arbitration: Berlin, Germany

Date: 29 July 2016

**The Sole Arbitrator**

Christopher Boog

SW-04941743

CERTIFIED TRUE COPY OF THE ORIGINAL
PARIS. 10 / 8 / 16
12 / 12
José Ricardo FERIS
Deputy Secretary General
ICC International Court of Arbitration